IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JAMES F. SMITH                                                                                               PLAINTIFF

       v.                     Civil No. 2:13-cv-02114-PKH-JRM

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                                       DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On April 26, 2013, Plaintiff submitted a complaint for filing in this district, together with a request for leave to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 2. Subsequently, an order was issued directing Plaintiff to provide more information on his IFP application. ECF No. 5. Plaintiff filed an amended IFP application on May 9, 2013. ECF No. 7. For reasons stated below, the undersigned recommends that Plaintiff's IFP motion be denied.

Federal courts have the statutory authority to permit the commencement of a civil action without prepayment of fees or costs by a person who submits an affidavit that he or she is unable to pay such costs or give security therefor. 28 U.S.C. § 1915(a). The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have an entre, not a barrier, to the federal courts. *In re Williamson*, 786 F.2d 1336, 1338 (8th Cir. 1986) (quoting *Souder v. McGuire*, 516 F.2d 820, 823 (3rd Cir. 1975)). Although a claimant need not be "completely destitute" to take advantage of the IFP statute, he or she must show that paying the filing fee would result in an undue financial hardship. *Williamson*, 786 F.2d at 1338.

A number of courts have recognized that, in making an IFP determination, it is proper to consider whether the party claiming indigent status receives financial support from his or her spouse or family. *See Helland v. St. Mary's Duluth Clinic Health Sys.*, 2010 WL 502781, at *1

n.1 (D. Minn. Feb. 5, 2010); *Pifer v. Astrue*, 2009 WL 3379021 at *3 (N.D. W.Va. Oct. 16, 2009); *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (quoting *Williams v. Spencer*, 455 F. Supp. 205, 208-09 (D. Md. 1978)); *Assaad-Faltas v. University of South Carolina*, 971 F. Supp. 985, 990 n. 9 (D.S.C. 1997); *Lee v. Wal-Mart Stores, Inc.*, 1993 WL 316756 at *3 (N.D. Ind. August 18, 1993).

Plaintiff's IFP application indicates that he is married and his wife receives Social Security disability benefits in the amount of $937.00 per month and VA benefits in the amount of $2,973.00 per month. ECF No. 7. Plaintiff owns one vehicle. *Id.* Plaintiff has monthly expenses totaling $2,532.12, including gas ($450.00), water ($36.00), car insurance ($46.00), cell phone ($50.00), student loans (?), electric ($86.00), home phone ($86.12), doctors' visits ($89.00), cable ($135.00), medication ($50.00), gasoline/travel expenses ($100), groceries/food ($300.00), child support payments ($200.00), Tempur Pedic ($500.00), credit card payments ($100.00), and hospital bills ($304.00). The court recognizes that Plaintiff has no income of his own. However, given Plaintiff's monthly household income of $3,910.00, the undersigned cannot conclude that he is indigent for IFP purposes. Even after deducting his reported monthly expenses, Plaintiff and his spouse have approximately $1,377.88 remaining.

Plaintiff has not shown that his assets, including his wife's VA and disability benefits, are insufficient to allow him to pay the filing fee for this action, nor has he alleged that his wife has denied access to such funds. *See Lee v. McDonald's Corp.*, 231 F.3d 456, 458-459 (8th Cir. 2000). For these reasons, the undersigned finds that a waiver of the filing fee would be inappropriate in this instance.

The undersigned recommends that Plaintiff's IFP application be denied and he be required to pay the filing fee of $400.00. **The parties have <u>fourteen</u> days from receipt of this**

**Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

ENTERED this 13th day of May 2013.

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE