IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JAMES F. SMITH                                                    PLAINTIFF

v.                         Civil No. 13-2114

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                   DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, James Smith, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

## I.    Procedural Background:

The Plaintiff filed his applications for DIB and SSI on October 4, 2010, and September 30, 2010, respectively, alleging an onset date of July 15, 2009, due to coronary artery disease ("CAD"), asthma, high blood pressure, acid reflux, high cholesterol, migraines, depression, and anxiety.  Tr. 11, 45, 60-61, 82, 93.  His claims were denied both initially and upon reconsideration. Tr. 21-22.  An administrative hearing was then held on October 20, 2011.  Tr. 185-201.  Plaintiff was both present and represented at that hearing.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

At the time of the administrative hearing, Plaintiff was 48 years old and possessed a high school education with numerous college credits, but no college degree. Tr. 188-189. He had past relevant work ("PRW") as a poultry farm worker, building materials delivery worker, and juvenile team assistant. Tr. 18, 46, 62-69.

On June 19, 2012, the Administrative Law Judge ("ALJ") concluded that, although severe, Plaintiff's CAD, asthma, depression, and personality disorder did not meet or equal any Appendix 1 listing. Tr. 13-16. The ALJ determined that Plaintiff maintained the residual functional capacity ("RFC") to perform light work. Further, he concluded that Plaintiff could understand, remember, and carry out simple, routine, repetitive tasks; respond to usual work situations and ordinary work changes; occasionally interact with coworkers and the public; and, should avoid concentrated exposure to pulmonary irritants. Tr. 16. With the assistance of a vocational expert, the ALJ found Plaintiff could perform work as a bench assembler, laundry worker, and hand packager. Tr. 19.

Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. ECF No. 15, 17.

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary

## II.    **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).

2

Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

### A.    The Evaluation Process:

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial

AO72A
(Rev. 8/82)

gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

## III. Discussion:

Of particular concern to the undersigned is the absence of a mental RFC assessment. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642,

4

646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

In the present case, Plaintiff underwent two mental evaluations. On November 28, 2011, he was evaluated by Dr. Robert L. Spray, Jr. Tr. 171-177. Dr. Spray diagnosed Plaintiff with dysthymia vs major depression, cognitive disorder not otherwise specified, and personality disorder with paranoid and schizotypal features. He also assessed him with a global assessment of functioning score ("GAF") of 35-45.[2] Dr. Spray indicated that the Plaintiff "demonstrated significant impairment in short-term, immediate memory, delayed recall, attention, and concentration." He also noted that "in a work setting, he may have difficulty persisting due to interpersonal wrangles and/or lack of motivation secondary to depressed mood." With regard to the Plaintiff's ability to complete work-like tasks within an acceptable time frame, Dr. Spray opined, "low energy level, lack of motivation, and interpersonal hassles could interfere with his ability to complete work-like tasks in a timely manner. In addition, his poor attention and concentration/memory would impact this as well." Dr. Spray further noted that the Plaintiff gave adequate effort and cooperation and that there was no indication of symptom exaggeration or malingering, however, his poor performance on the cognitive assessment could not be explained. Accordingly, he recommended a neuropsychological consultation. Tr. 175.

On March 20, 2012, Dr. Patricia Walz conducted a neuropsychological evaluation. Tr. 177-185. Plaintiff's full scale IQ was found to be 70, which is indicative of borderline intellectual functioning. Dr. Walz did not believe that he put forth a full effort in the testing

[2]A GAF of 35-45 is indicative of a major or serious impairment in social, occupational, or school functioning. *See* DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS IV-TR 32 (4th ed. 2000).

5

process, but concluded that he did have "significant psychiatric problems." She diagnosed him with probable bi-polar disorder, malingering vs. exaggeration of cognitive symptoms, and history of alcohol and drug dependence reportedly in remission. Dr. Walz believed that his subjective memory problems were likely related to his depression, especially since his symptoms appeared to have worsened after the loss of his daughter. Tr. 182. And, she assigned Plaintiff a GAF score of 45-55.[3] Tr. 183.

Unfortunately, neither Dr. Walz nor Dr. Spray were asked to complete a mental RFC assessment. And, although the evidence of record reveals that Plaintiff was consistently treated for depression, the record does not contain a mental RFC assessment. Tr. 124, 127, 129, 141-142, 143-144. Without this, the undersigned can not determine the exact limitations imposed by Plaintiff's mental impairments. Accordingly, remand is necessary to allow the ALJ to obtain mental RFC assessments from Drs. Spray and Walz, as well as Plaintiff's treating physician.

V.   **Conclusion:**

Accordingly, we find that the ALJ's decision is not supported by substantial evidence and recommend that it be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

---

[3]A GAF of 45-55 is indicative of serious to moderate impairment in social, occupational, or school functioning. *See* DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS IV-TR 32 (4th ed. 2000).

AO72A
(Rev. 8/82)

**reminded that objections must be both timely and specific to trigger de novo review by the**

**district court**.

DATED this 31st day of March 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

7